UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE JOHNSTON,<br><br>              Plaintiff,<br><br>    v.<br><br>MERCED DISTRICT ATTORNEY'S OFFICE, *et al.*,<br><br>              Defendants. | Case No. 1:19-cv-00926-AWI-EPG<br><br><u>SCREENING ORDER</u><br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A FIRST AMENDED COMPLAINT;<br><br>OR<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT, SUBJECT TO THE COURT ISSUING FINDINGS AND RECOMMENDATIONS TO A DISTRICT JUDGE CONSISTENT WITH THIS ORDER<br><br>(ECF NO. 1)<br><br>THIRTY DAY DEADLINE |

      Plaintiff, Tyrone Johnston, appearing *pro se* and *in forma pauperis*, commenced this action on July 8, 2019, by filing a complaint under 28 U.S.C. § 1983 alleging law enforcement misconduct. (ECF No. 1.) Plaintiff's Complaint is before the Court for screening. The Court finds that the Complaint fails to state any cognizable claim.

      After Plaintiff reviews this order, Plaintiff can decide to file an amended complaint, which states clearly what each person did and why he believes it violates his constitutional rights, which the Court will screen in due course. Plaintiff could also write to the Court that he

1

wants to stand on his complaint, in which case this Court will issue findings and recommendations to the district judge assigned to the case recommending that Plaintiff's complaint be dismissed for the reasons in this order. If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

## I. SCREENING REQUIREMENT

Under 28 U.S.C. § 1915(e)(2), in any case in which a plaintiff is proceeding *in forma pauperis*, the Court must conduct a review of the complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* An action is frivolous if it is "of little weight or importance: having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id*. at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be

held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

**II.     ALLEGATIONS IN THE COMPLAINT**

In the Complaint, Plaintiff indicates that he is represented by counsel, and attached a letter purporting to be from an attorney that represents Plaintiff. Therefore, prior to screening the Complaint, the Court issued an order notifying that attorney that Plaintiff had indicated the attorney was representing him, and providing that attorney with an opportunity to enter an appearance as attorney of record in this action. (ECF No. 4.) On October 9, 2019, the Court served that order by mail upon the attorney. (*See id.*) To date, no response has been received from the attorney. Accordingly, the Court will proceed with screening the Complaint.

The Complaint alleges claims against the Merced District Attorney's Office, the Merced Police Department, Ciummo & Associates, and Douglas Foster. (ECF No. 1.) The Complaint states that it is based on "law enforcement misconduct," and "distrustful and manipulative illegal tactics for arrest." (*Id.*) However, the Complaint does not include any specific factual allegations but instead attaches an "informative letter describing events and the nature of the civil violation," and states that "my lawyer & I can provide any and all further specific details." (*Id.*)

The attached letter appears to be from an attorney that indicates he is representing Plaintiff. (ECF No. 1.) The letter states, in relevant part, the following:

> I am pleased to inform you that we have overcome the first and biggest hurdle in our quest to see that you receive complete justice for your wrongful arrest and prosecution because, as you know, the Merced County District Attorney's Office DISMISSED the murder charge that they had filed against you because they lacked probable cause to arrest you.
>
> There can be no dispute that their decision to dismiss the murder charge was due entirely to the re-investigation of the death of Arthur Hudson that I initiated and doggedly pursued with the help of my very skilled and experienced investigator . . . .
>
> As we discussed, the next step is to seek substantial monetary damages . . . by suing the Atwater Police Department for

> the incredibly biased and dishonest way they investigated the incident from July 2018 where you barely escaped with your life after Arthur Hudson and his accomplices attempted to ambush and murder you as you were coming out of an apartment complex . . . .
>
> Recorded interviews by the Atwater Police Department conclusively prove that they spoon fed prosecution witnesses their testimony and/or statements, and when witnesses would not adopt the "truth" as the Atwater Police Department defined it, the recordings show that those witnesses were threatened with LIFE IN PRISON if they did not change their answers.

(*Id.*)

### III. SECTION 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting

*Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

"Local governing bodies… can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where… the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690 (footnote omitted).

"Plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. These are action[s] for which the municipality is actually responsible." *Connick v. Thompson*, 563 U.S. 51, 60–61 (2011) (internal citations and quotations omitted) (alteration in original).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts

that would support a claim that the supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

## IV. ANALYSIS OF PLAINTIFF'S CLAIMS

The Court finds that the Complaint does not contain a short and plain statement of the claim showing that the pleader is entitled to relief. *See* Fed. R. Civ. P. 8(a). Plaintiff's complaint lists various defendants but does not say what each individual defendant did, nor does it include any specific factual allegations describing exactly what happened. The letter attached to the Complaint indicates that Plaintiff was arrested and charged with murder, and that the murder charge was subsequently dismissed. The letter does not, however, provide information sufficient for the Court to evaluate whether Plaintiff has described something that violates his constitutional rights. If Plaintiff chooses to amend his complaint, he needs to include a short and plain statement stating what each person did to Plaintiff. Then, Plaintiff should try to explain why he believes that action, or lack of action, violated Plaintiff's constitutional rights.

As Plaintiff has violated Federal Rule of Civil Procedure 8(a) by not providing a plain statement showing that he is entitled to relief, the Court finds that the Complaint should be dismissed. However, the Court will grant Plaintiff leave to file an amended complaint so that he can include additional factual allegations and make a clear statement.

////

Below, the Court provides some legal standards that might be of assistance to Plaintiff in deciding whether to amend his complaint. The Court does not know if these claims apply to Plaintiff's situation, but they appear related to what Plaintiff is trying to say.

**A. <u>Unlawful Arrest</u>**

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v. City & Cty. of San Francisco*, 266 F.3d 959, 964-65 (9th Cir. 2001). In determining whether an arrest was lawful under the Fourth Amendment, "[f]ederal law asks only whether the officers had probable cause to believe that the predicate offense, as the state has defined it, has been committed." *Williams v. Jaglowski*, 269 F.3d 778, 782 (7th Cir. 2001). "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); *see Blankenhorn v. City of Orange*, 485 F.3d 463, 471 (9th Cir. 2007) ("A police officer may make a warrantless arrest when the 'officer has probable cause to believe that the person to be arrested has committed a felony, whether or not a felony, in fact, has been committed.'" (citations omitted)).

"In California, an officer has probable cause for a warrantless arrest if the facts known to him would lead a [person] of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion that the person is guilty of a crime." *Blankenhorn*, 485 F.3d at 471 (citations and internal quotation marks omitted). Similarly, under federal standards, "[t]he test for whether probable cause exists is whether 'at the moment of arrest the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent [person] in believing that the petitioner had committed or was committing an offense.'" *Id.* (citation omitted).

> Probable cause exists when, under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime. When there has been communications among [officers], probable cause can rest upon the investigating [officers'] 'collective knowledge.

> Because probable cause must be evaluated from the perspective of prudent [people], not legal technicians, an officer need not have probable cause for every element of the offense. However, when specific intent is a required element of the offense, the arresting officer must have probable cause for that element in order to reasonably believe that a crime has occurred.

*Id.* (citations and internal quotation marks omitted).

### B. Malicious Prosecution

"Federal courts rely on state common law for elements of malicious prosecution." *Mills v. City of Covina*, 921 F.3d 1161, 1169 (9th Cir. 2019*), cert. denied sub nom. Mills v. Covina, CA*, No. 19-321, 2019 WL 5150535 (U.S. Oct. 15, 2019). "California law requires a plaintiff claiming malicious prosecution to establish 'that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor; (2) was brought without probable cause; and (3) was initiated with malice.'" *Id.* (citations omitted). "Additionally, to maintain a § 1983 action for malicious prosecution, a plaintiff must show that the defendants prosecuted [him] ... for the purpose of denying [him] equal protection or another specific constitutional right." *Id.* (citations and internal quotation marks omitted).

### C. Retaliation

A plaintiff may assert a § 1983 claim for retaliation by state actors for the plaintiff's exercise of their First Amendment rights. *See Mt. Healthy City Sch. Bd. of Educ. v. Doyle*, 429 U.S. 274, 283-84 (1977). To state a claim for retaliation under § 1983, a plaintiff must allege facts sufficient to demonstrate that they engaged in protected conduct, that the defendant took some adverse action against the plaintiff, and that there is a nexus between the adverse action by the defendant and the plaintiff's protected conduct, i.e., that the protected conduct "was a substantial motivating factor in the adverse . . . action." *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of post hoc, ergo propter hoc, i.e., "after this, therefore because of this").

## V. CONCLUSION AND ORDER

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable federal claim.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely

give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint, so that Plaintiff can provide additional factual allegations. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days.

If Plaintiff chooses to amend his complaint, in his amended complaint he must state what each named defendant did that led to the deprivation of his constitutional or other federal rights. Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff has a choice on how to proceed. Plaintiff may file an amended complaint if he believes that additional true factual allegations would state cognizable claim(s). If Plaintiff files an amended complaint, the Court will screen that complaint in due course. Alternatively, Plaintiff may choose to stand on his complaint subject to the Court issuing findings and recommendations to a district judge consistent with this order.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:
    a. File a First Amended Complaint that includes additional true factual

allegations, if Plaintiff believes that additional allegations would state cognizable claim(s); or
  b. Notify the Court in writing that he wants to stand on this complaint, in which case the Court will issue findings and recommendations consistent with this order to a district judge;
3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:19-cv-00926-AWI-EPG; and
4. <u>Failure to comply with this order may result in the dismissal of this action</u>.

IT IS SO ORDERED.

Dated: **November 22, 2019**  /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE